## W. L. STANLEY, JUDGE OF THE CIRCUIT COURT, FIRST CIRCUIT, *v.* AKOI and J. H. BARENABA.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED DECEMBER 19, 1899.       DECIDED MAY 2, 1900.

FREAR AND WHITING, JJ., AND L. ANDREWS, ESQ., OF THE BAR, IN PLACE OF JUDD, C.J., ABSENT.

The principal and surety on a guardian's bond were sued jointly, but no service of summons was made on the principal, nor did he appear to defend. Hold, not necessary to serve all joint obligors under Sec. 1222, Civ. L.

It is not necessary for plaintiff to first exhaust all his rights against the principal before proceeding against the surety.

The complaint sets forth a cause of action, and the evidence supports the judgment.

### OPINION OF THE COURT BY WHITING, J.

This is an action, jury waived, brought against the principal and surety for breach of the conditions of a guardian's bond. The action was commenced in the District Court of Honolulu, and from judgment therein for the plaintiff an appeal was taken to the Circuit Court by the defendant Barenaba the surety on the bond. The complaint of plaintiff says "That on the 28th day of March, 1895, defendants entered into a bond to H. E. Cooper, Second Judge of the Circuit Court of the First Circuit

in the penal sum of two hundred dollars, conditioned for the proper performance by the defendant Akoi of his duties as guardian of the person and property of Laahia, a minor, of Kailua, Koolaupoko, a copy of which bond is hereto attached and made a part hereof. That on the 23d day of September, 1898, said defendant Akoi was by order of A. Perry, First Judge of the Circuit Court of the First Circuit, discharged as guardian of the person and property of said Laahia, and C. Lai Young of Honolulu was appointed as such guardian in his stead, and Akoi was ordered to pay to said C. Lai Young, guardian, the sum of $290.60 which was the amount remaining in his hands to the credit of the ward, at the time of his discharge as guardian. That though requested said Akoi has failed and neglected to pay said sum until this date and no one else has paid said sum to said C. Lai Young, guardian. That this failure is a breach of the condition of said bond. Wherefore plaintiff brings this suit on said bond and asks judgment for $200."

Service of summons was made upon Barenaba the surety who appeared and defended, but no service was made on Akoi the principal nor did he appear to defend.

The bond is a joint obligation and two of the conditions to be performed by the principal are as follows: "3d. Render an account, on oath, of the property in his hands including the proceeds of all real estate sold by him and of the management and disposition of all such property within one year after his appointment and at such other times as the judge of probate shall direct. 4th. At the expiration of his trust settle his accounts with the judge of probate, or with the ward or his legal representatives, and pay over and deliver all the estate and effects remaining in his hands or due from him on such settlement, to the person or persons who shall be lawfully entitled thereto."

First exception. Defendant objects to further proceedings of this case by plaintiff, for the reason that the return of service herein fails to show any service upon the principal defendant, and for the further reason that the bond sued upon is a joint bond and not several, and that said action cannot proceed against the defendant Barenaba alone, also for the further reason that it does not appear that plaintiff has exhausted all his rights to

collect said bond or any part thereof from the principal defendant herein.

Second exception. The defendant Barenaba demurs to the summons and declaration herein for that the same does not state facts sufficient to constitute a cause of action against this defendant, and on the further ground that all the proceedings herein had against this defendant in the district court and in this (the circuit) court are without warrant of law, and on the further ground that there is a defect of parties and that there is no several cause of action against this defendant.

Service of summons on Akoi was not necessary under the Hawaiian statutes. Section 1222 of the Civil Laws provides, "It shall be necessary to join as defendants in a civil action, all the joint and several, or joint makers of promissory notes, or drawers of drafts, bills of exchange, or orders, or joint and several obligors, lessees, or parties of the first and second part to covenants, agreements and contracts, in suing for nonpayment, nonacceptance, or nonfulfillment thereof, but it shall in no case be necessary to serve all the joint parties sued with process. Service of process upon one of several defendants at law, shall be legal service upon all for the purposes of appearance in court, and judgment may be entered against all such codefendants thereon; provided, that no execution shall issue against the sole property of any joint defendant on whom process was not duly served as aforesaid."

We are of opinion that this section fully covers the points raised by defendant as to service of summons or process.

It is also claimed that the plaintiff has not exhausted all his rights to collect the bond from the principal Akoi. This is not necessary. Akoi is a defaulter and the breach of the bond has been made, that for which Barenaba became surety. "A surety is responsible for everything expressed in the instrument he has signed and whatever else may be fairly implied from the words that are used therein." Murfree, Official Bonds, Sec. 620.

The complaint alleges the making of the bond, its terms and conditions, a breach of condition, the amount of damages, a demand, nonpayment and a request for judgment. This contains the elements of a cause of action, and although it may

not be pleaded in the more complete forms used in courts of record, yet it is sufficiently well pleaded for use in the district courts.

Third exception. That the decision of the court "is contrary to the law and the evidence and the weight of the evidence."

Fourth exception. A motion for a new trial based on the foregoing alleged errors was overruled.

The evidence shows the admission of the bond as evidence and its production from the court records; the order of the court finding the sum of $290 due from the guardian Akoi on his final account, and ordering the removal of Akoi as guardian and that Akoi pay the sum of $290 remaining in his hands to C. Lai Young and all other property; the letters of guardianship of C. Lai Young; a breach of the conditions of the bond; the amount which was not accounted for by the former guardian Akoi; a demand for payment on both Akoi the principal and Barenaba the surety, and that a balance of $200 was due and unpaid.

The defendant does not point out any element necessary to be proved to constitute the cause of action, which is not alleged or proven. He claims however that the execution of the bond was not proven, but he raises this point for the first time in this court and did not make any objection or take any exception to the admission of the bond in evidence in the lower courts, both district and circuit, so that this objection cannot be considered here. However, being admitted in evidence without objection, it must be presumed to have been proven, and especially as it was produced from the official records of the guardianship cause.

The exceptions are overruled.

*L. A. Dickey* for plaintiff.

*J. T. De Bolt* for defendant.