# CHING HON YET, BY HIS GUARDIAN AD LITEM, WILLIAM T. CARDEN, *v.* SEE SANG COMPANY AND LONDON GUARANTEE & ACCIDENT COMPANY, LIMITED.

## No. 1134.

### EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT. HON. W. S. EDINGS, JUDGE.

SUBMITTED APRIL 12, 1919.                    DECIDED APRIL 17, 1919.

### COKE, C. J., KEMP, J., AND CIRCUIT JUDGE DEBOLT IN PLACE OF EDINGS, J., DISQUALIFIED.

WORKMEN'S COMPENSATION ACT—*compensation to injured employee.*

Where an employee is accidentally injured resulting in temporary total disability and permanent partial disability the injured employee should be awarded sixty per cent. of his average weekly wage for the period of his total disability and after reaching the stage of convalescence where he ceased to be totally disabled but remained in a state of permanent partial disability he should receive for an additional definite number of weeks fifty per cent. of his average weekly wage.

SAME—*sufficiency of notice of claim for compensation.*

Where the notice served by the employee upon the employer contains a statement that the injury consists of the "loss of four fingers of left hand" it sufficiently describes the nature of the injury. The effect of the injury upon the employee became a matter of proof.

SAME—*same.*

Where at the trial the evidence established that the employee had by reason of the accident lost the use of his hand it was not error for the court to award the injured employee compensation for the loss of the use of his hand.

APPEAL AND ERROR—*appeal from award of industrial accident board to circuit court—proceedings.*

Where the employer or the insurance carrier appeals from an

award made by the industrial accident board to the circuit court the statute contemplates the trial of the cause *de novo* in the appellate court before a jury, if a jury is demanded; otherwise before the court without the intervention of a jury.

OPINION OF THE COURT BY COKE, C. J.

The claimant-appellee, Ching Hon Yet, who appears by William T. Carden, his guardian *ad litem*, is a boy of about sixteen years of age and at the date of the accident herein referred to, to wit, the 20th day of May, 1918, was employed by the defendant See Sang Company, in operating an electric meat chopper. While in the course of his employment his left hand was caught in the machinery of the meat chopper and all four fingers of that hand were severed close to the body of the hand. The thumb escaped injury. At the time of the injury the appellee was receiving a weekly wage of $9.60. The defendant-appellant, the London Guarantee & Accident Company, Limited, a corporation, is the insurance carrier. As a result of the injuries sustained the appellee was totally incapacitated for work for a period of eight weeks. The appellee duly filed with the industrial accident board of the City and County of Honolulu a notice of his injury and claim for compensation. At the hearing before the industrial accident board appellee was awarded sixty per cent. of his weekly wage for the period during which he was totally disabled beginning with the eighth day following the date of the accident and was further awarded fifty per cent. of his average weekly wage for a period of 116 weeks, payment thereof to run from the termination of his temporary total disability.

The insurance carrier appeared at the hearing before the industrial accident board by its attorney, H. Edmondson, Esq., and argued that while under the facts and circumstances of the case it was legal and proper for the industrial accident board to award to the appellee

compensation at the rate of fifty per cent. of his average weekly wage for 116 weeks, it was illegal and improper for it to award any sum whatsoever for temporary total disability.    Section 13, Act 221 S. L. 1915, as amended by Act 227 S. L. 1917, provides that: "Total disability.  Where the injury causes total disability for work the employer during such disability, but not including the first seven days thereof, shall pay the injured employee a weekly compensation equal to sixty per centum of his average weekly wages," and section 14 of Act 221 S. L. 1915, as amended by Act 227 S. L. 1917, provides: "Section 14. * * * (b) Permanent partial disability.  In case of disability partial in character but permanent in quality the compensation shall be fifty per centum of the average weekly wages and shall be paid to the employee for the period named in the schedule as follows: Thumb. For the loss of a thumb sixty weeks; First finger. For the loss of a first finger, commonly called index finger, forty-six weeks; Second finger. For the loss of a second finger, thirty weeks; Third finger. For the loss of a third finger, twenty-five weeks; Fourth finger. For the loss of a fourth finger, commonly called the little finger, fifteen weeks; * * * Hand. The loss of a hand, two hundred and forty-four weeks; * * * The compensation for the foregoing specific injuries shall be in lieu of all other compensation, except the benefits provided in section 13 of this Act."

It was and still is the position of the insurance carrier that the last clause of section 14 just recited was intended to refer to section 12 which has to do with the furnishing by the employer to the injured employee reasonable surgical, medical and hospital services and supplies. It was determined by the industrial accident board that this clause in the Act means what its plain and unambiguous language clearly imports, to wit, that the

compensation for the specific injuries recited in section 14 should be in lieu of all other compensation except the benefits provided in section 13 of the Act. With this holding we are in full accord. The plain intention of the legislature was to take care of an injured employee whose injury resulted temporarily in total disability and for that period he should receive sixty per cent. of his average weekly wage, and after reaching a stage of convalescence where he ceased to be totally disabled but was still in a state of permanent partial disability he should then receive for an additional definite number of weeks a lesser compensation, to wit, fifty per cent. of his average weekly wage. Any other construction of this statute, it appears to us, would do violence to the intention of the legislature as clearly and unequivocally expressed in the Act.

The insurance carrier being dissatisfied with the order of the industrial accident board perfected an appeal to the circuit court where the case was tried without the intervention of a jury—a jury having been waived by the act of the parties. After the case reached the circuit court Mr. Carden was appointed guardian *ad litem* of the appellee. When the case came on for trial before the circuit court the appellant offered no evidence but submitted the case upon the record of the proceedings had before the industrial accident board. Mr. Carden, representing the appellee, sought and received permission to have the testimony of the appellee taken, and while appellant's exception No. 1 recites that counsel for the appellant objected to any evidence being adduced at the hearing of said appeal and that the court overruled the objection and that appellant duly excepted to the ruling of the court, the certified record of the proceedings had before the circuit court, which appears to be full and complete, does not disclose that any such proceeding as

contained in appellant's exception No. 1 did as a matter of fact take place and we are at a loss to account for the presentation to this court of the exception when the same is wholly unsupported by the record. Appellee gave the details of the injury and exhibited his injured hand to the court.   He further testified that by reason of the loss of the four fingers he is unable to use his hand. The appellant made no attempt to contradict this evidence. The circuit court thereupon found in favor of the appellee awarding him sixty per cent. of his average weekly wage for the period of his total disability, to wit, seven weeks from and after the 28th day of May, 1918, and further awarded him fifty per cent. of his average weekly wage for a period of 244 weeks commencing at the expiration of the period of total disability, it having been found by the circuit judge that appellee had suffered the permanent loss of the use of his hand.

The appellant has brought the case to this court by bill of exceptions and reiterates his contention respecting the construction of sections 13 and 14 of Act 221 S. L. 1915 as amended by Act 227 S. L. 1917, which we have disposed of *supra,* and makes the further claim that because the appellee herein did not appeal from the award of the industrial accident board he is to be regarded as having accepted the award and that while the circuit court might have reduced the amount of the compensation awarded by the industrial accident board it was without power to increase the amount. · The determination of this question hinges upon the construction of sections 38 and 41 of Act 221 S. L. 1915, which read as follows:

"Section 38.   An award of the board, in the absence of fraud shall be final and conclusive between the parties except as provided in section 37, unless within ten days after a copy has been sent to the parties either party

appeals to the circuit court of the circuit in which said board is located. In the County of Hawaii the circuit court shall be that of the fourth circuit. In case of every such appeal the right of a trial by jury shall be deemed to be waived unless claimed within ten days from the date such appeal is entered. Said court may by proper rules prescribe the procedure to be followed in the case of such appeals.

"The board may certify questions of law to the supreme court of the Territory for its determination."

"Section 41. All questions arising under this Act, if not settled by agreement of the parties interested therein with the approval of the board, shall, except as otherwise herein provided, be determined by the board. The decisions of the board shall be enforceable by the circuit court under the provisions of section 39. There shall be a right of appeal from decisions of the board to the circuit court as provided in section 38, but in no case shall such an appeal, either under this section or under section 38, operate as a supersedeas or stay unless the board or the circuit court shall so order."

If the proceedings on appeal before the circuit court as contemplated by the sections quoted require a trial *de novo* regardless of whether the cause is to be tried with or without a jury, the question must be decided adversely to the contention of the appellant.

The position of appellant seems to be that if the trial is to be by jury then the trial should be *de novo,* but if a jury is waived and the case is to be tried before the court then the cause should be heard upon the record of the proceedings before the industrial accident board and the court would be restricted to a review of the proceedings to the end that it might be determined whether the award of the board appealed from was unauthorized as a matter of law. We think the appeal mentioned in the statute contemplates a general appeal upon both the law and facts and a trial of the cause *de novo* in the appel-

late court before a jury, if a jury is demanded; other-wise before the court without the intervention of a jury. In this respect the proceedings would be analogous to an appeal from the decision of a district magistrate to the circuit court provided for under section 2507 R. L. 1915.   The trial in the circuit court would be *de novo* regardless of whether the same is with a jury or before the court jury waived, and upon the trial in the appellate court the amount of the judgment is limited by the pleadings alone and not by the judgment from which the appeal is taken. *Jardin* v. *Madeiros,* 9 Haw. 503; *Bell* v. *Palea,* 13 Haw. 278; *Associated Repair Works* v. *Rogers,* 22 Haw. 91.

The appellant has called to our attention the Workmen's Compensation Act of the State of Connecticut which provides that either party may appeal from the award of the commissioner to the superior court, and appellant cites the case of *Powers* v. *Hotel Bond Co.,* 89 Conn. 146, where the supreme court of that State held that a trial *de novo* was not contemplated by the Connecticut Act and that the appellate court was confined to a review of the record of the commissioner to ascertain if some substantial error of law was committed.   But the Connecticut statute makes no mention of a trial by jury while our own statute does so in explicit terms.

Under the Oregon Workmen's Compensation Act appeal from the decision of the commission is provided for to the circuit court and it is within the discretion of the court to submit to a jury any question of fact involved in the appeal and in which respect the Oregon law is not so broad as ours.   Construing this statute the supreme court of Oregon in *Raney* v. *State Industrial Accident Commission,* 166 Pac. 523, said: "The state Industrial Accident Commission not being a judicial tribunal, a reexamination of any of its final determinations by a circuit court is inaugurated by procedure in the nature of a writ of review, and

when jurisdiction of the case has thus been secured, it is to be tried *de novo* as upon appeal."

The concluding question involves the sufficiency of the notice served upon the employer to sustain the judgment of the circuit court. It is argued that the notice was confined to a description of the loss by complainant of four fingers of his hand and could not be taken as descriptive of an injury entailing the loss of the use of the hand. The notice served by the appellee contained the following statement under the heading nature and cause of injury: "Loss of four fingers of left hand. Hand cut in electric meat grinding machine while grinding meat. The undersigned therefore claims compensation under the provisions of the Workmen's Compensation Act." This subject is covered by sections 21-24 Act 221 S. L. 1915, which are as follows:

"Section 21. No proceedings under this Act for compensation for an injury shall be maintained unless a notice of the injury shall have been given to the employer as soon as practicable after the happening thereof, and unless a claim for compensation with respect to such injury shall have been made within three months after the date of the injury; or, in case of death, then within three months after such death, whether or not a claim had been made by the employee himself for compensation. Such notice and such claim may be given or made by any person claiming to be entitled to compensation or by some one on his behalf. If payments of compensation have been made voluntarily the making of a claim within said period shall not be required."

"Section 22. Such notice and such claim shall be made in writing, and such notice shall contain the name and address of the employee, and shall state in ordinary language the time, place, nature, and cause of the injury, and shall be signed by him or by any person on his behalf, or, in the event of his death, by any one or more of his dependents or by a person on their behalf. The notice may include the claim."

"Section 23. Any notice under this Act shall be given

to the employer, or if the employer be a partnership, then to any one of the partners. If the employer be a corporation then the notice may be given to any agent of the corporation upon whom process may be served, or to any officer of the corporation, or any agent in charge of the business at the place where the injury occurred. Such notice shall be given by delivering it or by sending it by mail by registered letter addressed to the employer at his or its last known residence or place of business. The foregoing provisions shall apply to the making of a claim."

"Section 24. A notice given under the provisions of section 21 of this Act shall not be held invalid or insufficient by reason of any inaccuracy in stating the time, place, nature or cause of the injury, or otherwise, unless it be shown that the employer was in fact misled to his injury thereby. Want of notice or delay in giving notice shall not be a bar to proceedings under this Act if it be shown that the employer, his agent or representative, had knowledge of the accident or that the employer has not been prejudiced by such delay or want of notice."

It is first to be observed that neither technical nor formal pleadings are required; that one of the benefits conferred by this class of legislation is to have the proceedings as simple and informal as may be consistent with right and justice. See *Gailey* v. *Peet Bros. Mfg. Co.,* 157 Pac. 431. And this court has heretofore decided that laws of this nature should be liberally and broadly construed. *Re Ichijiro Ikoma,* 23 Haw. 291; *Silva* v. *Kaiwiki Mill Company,* 24 Haw. 324.

In the present case the complainant is a mere youth. He appeared without an attorney or other representative and filed notice of his injury in brief and simple language. He made no attempt to describe his injury in detail nor did he attempt to set forth the effect of the injury upon him from a physical standpoint. He did not claim any specific amount of compensation. Perhaps he was ignorant of the amount to which he was entitled. We think the

notice served upon the employer described the nature of the injury with sufficient certainty to meet the requirements of the statute. The effect of the injury was then to be established by the evidence which in the trial of the cause before the circuit court was clear and uncontradicted to the effect that the employee had lost the use of his hand. Our statute does not require that the hand or any part thereof must be amputated before a claim for compensation for the loss of the use of the hand may be made. "Permanent loss of use of hand * * * shall be considered as the equivalent of the loss of such hand" (Sec. 14 Act 221 S. L. 1915 as amended by Sec. 5 Act 227 S. L. 1917). An award for permanent partial disability is made not solely with regard to the direct loss of earning power by reason of the injury but with regard also to the impairment of physical efficiency for the remainder of the life of the injured employee.

From the very inception of these proceedings the appellant, insurance carrier, has been represented by an astute attorney whose opposition to the claim of appellee has from the outset been based upon highly technical grounds. Yet while the complainant as a witness before the circuit court was being interrogated and was giving answers which clearly indicated that he was claiming compensation for the loss of the use of his hand the attorney for appellant offered no objection whatsoever. The following is a part of the examination of complainant: "Q. Will you show your hand to the judge? The Court. I can see. Q. That is the first, second, third, fourth fingers of the left hand? A. Yes. Q. Were severed at the juncture of the fingers with the hand? A. Yes. Q. Leaving nothing but the thumb? A. Yes. Q. Are you able to do any work with that hand? A. I can't use the hand because the fingers are too short. Q. So you have lost the use of the hand entirely? A. Can't do anything." During the time this

evidence was going into the record the appellant uttered no word of protest, made no complaint that by reason of an inaccuracy in the statement of the nature of the injury appellant had been misled to its injury and interposed no objection to the evidence as being outside of the issue as presented by the notice.

If the appellant was taken by surprise and misled to its injury, as it now claims, it is surprising that it remained quiescent and made no request of the court for time and an opportunity to controvert the claim of appellee as presented by him to the circuit court. And finally, even were there merit in this contention of appellant, which we do not concede, yet the attempt to raise the question in this court for the first time comes too late. *Iaukea* v. *Cummings,* 9 Haw. 558; *Stanley* v. *Akoi,* 12 Haw. 344; *Lee Lun* v. *Henry,* 22 Haw. 165, 168.

The exceptions are overruled.

*W. T. Carden* for claimant.

*H. Edmondson* for defendant London Guarantee & Accident Co., Ltd.