IN THE MATTER OF THE CLAIM FOR COMPENSATION OF MRS. BLANDINA DE GRACE *v.* J. L. YOUNG (DOING BUSINESS AS J. L. YOUNG ENGINEERING COMPANY), THE EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LIMITED, LONDON GUARANTEE AND ACCIDENT COMPANY, LIMITED, AND HARTFORD ACCIDENT AND INDEMNITY COMPANY.

No. 1367.

RESERVED QUESTIONS FROM THE INDUSTRIAL ACCIDENT BOARD.

SUBMITTED MAY 29, 1923.      DECIDED OCTOBER 2, 1923.

PERRY AND LINDSAY, JJ., AND CIRCUIT JUDGE ANDRADE IN PLACE OF PETERS, C. J., DISQUALIFIED.

WORKMEN'S COMPENSATION ACT.

> On a claim against an employer the Industrial Accident Board made an award in favor of claimant and against the employer. Thereafter the employer filed with the board a petition praying that the award be amended by making certain insurance carriers parties defendant to the claim and that the award be made to run against said carriers as well as the employer. The acting chairman of the board signed an order to set aside and revoke the award of the board and ordering a new hearing of the matter.

Opinion of the Court.

At the so-called new hearing the board made a new award in favor of claimant and against the employer and the insurance carriers. On appeal by the insurance carriers to the circuit court from the so-called second award the circuit court held that the board was without authority to make the so-called second award on the petition of the insurance carriers and therefore sustained the appeal, dismissed the insurance carriers as parties defendant and remanded the matter to the board. *Held*, that no appeal having been taken from the ruling of the circuit court, said ruling may for the purpose of this opinion be assumed to be correct and the original award.of the board, never having been appealed from, remained of binding force, and the matter is now properly pending before the board and not in the circuit court.

SAME—*joining of insurance carriers as parties defendant.*

Under section 49 of the Workmen's Compensation Act as amended by section 12, Act 227, S. L. 1917, a claimant may make an insurance carrier a party defendant to his claim either at the time the original claim is filed or by at any time making a separate claim against the insurance carrier.

OPINION OF THE COURT BY LINDSAY, J.

From the voluminous record in this case the following material facts appear: Koa De Grace, an employee of J. L. Young at a daily wage of $2.75, was killed while in the course of his employment, leaving surviving him as dependents, a widow, Blandina De Grace, and two children of tender years. The widow, on behalf of herself and minor children, made a claim against the employer before the Industrial Accident Board for the City and County of Honolulu for compensation under the Workmen's Compensation Act. The employer notified The Employers' Liability Assurance Corporation, and the London Guarantee and Accident Company, Limited, two insurance companies which it was alleged had insured the employer against accidents to his workmen, of the pendency of the claim and that said employer would look to said insurance carriers for indemnity under the terms of the insurance policies. In response to the notification both of the insurance carriers wrote to the employer denying

liability on their part on the ground that the contracts of insurance had been procured by the employer through misrepresentation of material facts. Copies of these letters denying liability on the part of the insurance carriers were sent to the board. A hearing on the claim was held before the board on January 16, 1918, on which date the board made an award in favor of claimant and against the employer. A written order to that effect was also made on the same date and filed with the record of the proceedings. A copy of said order was also sent to the claimant, the employer, and to the aforesaid two insurance companies.

On January 25, 1918, the employer filed with the board a petition praying that the board review its ruling, judgment and award of January 16, so as to amend the same by making the two insurance companies parties defendant to the claim and that the award be made to run against said companies as well as the employer. Upon the filing of this petition the acting chairman of the board signed an order purporting to set aside and revoke the award of the board of January 16, 1918, and setting a new hearing of the matter for January 30, 1918. Notice of the proposed new hearing was given to the above named insurance companies, and to claimant.

On January 30, 1918, the matter came on to be heard before the board. Immediately upon the calling of the meeting to order the two insurance companies, appearing specially, objected to any proceedings being taken by the board against them and protested against the jurisdiction of the board to take any further steps in the matter and/or make them parties to the proceedings on the ground that they had not been cited to appear before the board by claimant as required by the act creating said board, but by J. L. Young, the employer. The insurance companies also moved that the board strike the order

setting aside the board's previous award made by its act-
ing chairman on January 25, 1918. The board overruled
the objection and protests and denied the motion to strike
and proceeded with the rehearing of the claim for com-
pensation.

On February 6, 1918, the board, as shown by its min-
utes, made the following ruling:

"The original award of the Board in the Claim of
Blandina De Grace against J. L. Young as set forth in the
Order of the Board under date of January 16th, 1918, is
reaffirmed, .and the award hereby made to run against
J. L. Young, The Employers' Liability Assurance Corpo-
ration, Limited, the London Guarantee and Accident Com-
pany, Limited, and the Hartford Accident and Indemnity
Company, all jointly and severally."

This is the first time that the Hartford Accident and
Indemnity Company is mentioned in the proceedings, and
said company appears never to have been given any noti-
fication of the pendency of the claim for compensation, its
first knowledge in connection with the matter being re-
ceived by it by receipt of a notification to the effect that
this second purported award had been made.

On said 6th day of February, 1918, the following "find-
ings of fact and conclusions of law" was signed by the
acting chairman of the board:

"This matter coming on duly and regularly for rehear-
ing the 30th day of January, A. D. 1918, before the
Board * * * for the purpose of inquiring into and deter-
mining the necessity of having an award in said matter
run against the insurance carriers of said J. L. Young;
and it appearing that an order has been made setting
aside the previous award of the Board made January 16th,
1918, in favor of Blandina De Grace and against J. L.
Young; and it appearing that said rehearing was duly
and regularly ordered and noticed; and that at said re-
hearing J. L. Young was represented by Frank E. Thomp-
son of the firm of Thompson & Cathcart, Blandina De

Grace was represented by O. P. Soares, The Employer's Liability Assurance Corporation was represented by Marshall B. Henshaw of the firm of Robertson & Olson, and London Guarantee and Accident Company, Limited, was represented by Harry Edmondson, the Board proceeded to examine the evidence to be adduced in the case and from the evidence adduced and from the records on file with said Board, finds as follows:

"That the order and award of the Board made January 16th, 1918, in this matter was set aside and is hereby set aside by this Board; that the rehearing on said matter on January 30th, 1918, was duly ordered and notice thereof sent to the parties in interest; that at the rehearing, to-wit, on January 30, 1918, the London Guarantee and Accident Company of London, Limited, moved said Board to discontinue this said hearing alleging as a reason therefor that the order made setting aside the award of January 16th, 1918, was void, said motion was refused and thereupon the said company filed an appeal from the order of the Board setting aside the award made in said matter under date of January 16th, 1918, and we, the said Board, find that said Insurance Company was not a party to said award and not entitled to appeal from the order setting it aside; that thereupon and thereafter the London Guarantee and Accident Company of London, Limited, by its attorney, Harry Edmondson, proceeded with the trial of said cause upon its merits, producing witnesses who testified on its behalf and it endeavored to show that its policy was not in force at the time of the accident but was void by reason of assured having other insurance; and the Board finds that on the 16th day of July, 1917, there was filed in the office of the Secretary of the Board, according to the terms of the 'Act', notices that they had insured J. L. Young and specimens of the policies given him by the following companies, The Employer's Liability Assurance Corporation, Limited, London Guarantee and Accident Company of London, Limited, and the Hartford Accident & Indemnity Company; that all of said notices and policies named J. L. Young as assured and covered his business as contractor against

compensation claims on account of the Workmen's Compensation Act of the Territory of Hawaii; the Board finds that on said date the said policies were in full force and effect and had never been cancelled according to the terms of said Act or the conditions of the policy or at all; that said companies refused to voluntarily assume the payment of any compensation due Mrs. Blandina De Grace on account of the death of her husband Koa De Grace; that Koa De Grace was killed July 16th, 1917, in the course of his employment while working for J. L. Young; that Koa De Grace left him surviving the following dependents" (then follows list of dependents) "and the Board further finds that any award made by said Board should run jointly against the above named insurance carriers and J. L. Young and should so run both lawfully and for the best interests and protection of the said claimant, Blandina De Grace, and of her said children; and we further find that the facts contended for by the Insurance Companies and inconsistent with aforesaid findings are untrue" (then follows an award of compensation to the widow and minor children) ; "that this award run against J. L. Young, The Employers' Liability Assurance Corporation, Limited, London Guarantee and Accident Company, Limited, and Hartford Accident & Indemnity Company, all jointly and severally."

All of the insurance companies appealed from said award to the first circuit court.

It is difficult from the record to ascertain the various steps taken on this appeal in the circuit court. It does appear, however, that the claimant and J. L. Young sought unsuccessfully to have the appeals of the insurance carriers dismissed on various grounds. On March 28, 1919, Judge Heen granted the motion of the insurance companies to strike the petition of J. L. Young before the Industrial Accident Board asking for a review of the award of the board of January 16, 1918, the minutes relating to the rulings of the court in this regard being as follows:

"The Court: It is quite apparent to the court that the proceedings had before the board were very informal and the statute allows informality in the proceedings and the court cannot expect anything else inasmuch as the members of the board are not trained lawyers versed in technical procedure. It is apparent to the court that at the first opportunity the attorneys representing the insurance carriers objected to any proceedings being undertaken as against them. The court is of the opinion that the motion to dismiss the petition and the order was made at the proper time and that it should have been granted by the board upon the ground that the order was obtained by the employer instead of by the employee in accordance with the provisions of Section 49 of the Workmen's Compensation Act. The court is also of the opinion that the order was not properly issued, prayer for that order not having been heard by the board and the order having been signed only by the chairman.

"The court grants the motion to strike the petition of J. L. Young, the employer, which in effect requests that certain insurance carriers be made parties to the action, and to strike the order that was issued on that petition. The three insurance carriers, by their respective counsel, move the court that the proceedings as to the insurance carriers be dismissed on the ground that they have not been made parties to the proceedings and entitled to be released from it; motion to dismiss the proceedings as against the insurance carriers.

"The court holds that the award by the Industrial Accident Board dated February 6th, 1918, should be set aside and the cause remanded to the accident board with instructions to reinstate the judgment of January 16, 1918. The court grants the motions to the insurance carriers."

The circuit judge having thus dismissed the proceedings, in so far as the three insurance companies were concerned, then seems to have proceeded upon the theory that the insurance companies having been dismissed this left before the court the claimant as claimant and J. L.

Young as sole party defendant, for the circuit judge then ruled that: "This cause shall proceed in this court on a trial de novo and therefore orders that hearing be set for Monday, April 7, 1919, at 9 o'clock a. m."

On Monday, April 7, 1919, the circuit court appears to have proceeded upon the trial of the claim of claimant against J. L. Young. Two witnesses were called and examined on the part of the claimant, and further hearing was continued to April 14, 1919.

On April 9, 1919, the claimant filed a motion in the circuit court to join the insurance companies as parties defendant in the cause. The insurance companies moved to quash said motion and at a hearing on April 17 before Judge Heen, the motion to quash was granted.

The claimant on April 19, 1919, filed a motion in the circuit court, presenting a certified copy of the order made in her favor against J. L. Young by the Accident Board of date January 16, 1918, and moved the court that judgment might be entered therein in the circuit court. Judgment was entered accordingly. On April 25, 1919, J. L. Young filed a motion asking that this judgment be set aside on the ground, first, that the so-called award of January 16, 1918, had been set aside, and second, that the said matter was being tried *de novo* before the third judge of the circuit court, and said trial had not been completed nor any judgment rendered therein and that the said J. L. Young had had no opportunity to present his side of the case. At a hearing on this motion on April 29 the motion was granted and the judgment set aside.

No further proceedings were had in this matter until June 22, 1921, when claimant (now under the name of Blandina M. Barboza, she having in the meanwhile remarried) moved the circuit court that judgment might be entered against J. L. Young and the insurance carriers on the ground that the appeals were still pending and

undetermined In response to this motion the insurance carriers filed a special appearance and moved to quash said motion, which motion to quash was granted on July 6, 1921, by Judge Banks in the circuit court, and the case was remanded by Judge Banks to the board for further disposition, the order filed by Judge Banks reading as follows:

"This matter came on to be heard on the 28th day of March, A. D. 1919, upon the Motion of The Employers' Liability Assurance Corporation, London Guaranty & Accident Company, Limited, and Hartford Accident & Indemnity Company, Limited, insurance companies, asking that the appeal, so far as they were concerned, be sustained upon the ground that they, the said insurance companies, were not properly parties to the proceedings herein because cited to appear before the Industrial Accident Board of the City and County of Honolulu, Territory of Hawaii, by J. L. Young Engineering Company, the insured, and not by Blandina De Grace (now known as Blandina H. Baroza), the claimant, as required by the Act creating said Industrial Accident Board, and the Court having heard argument, did thereupon, by minute order, grant the said Motion and did remand this cause and send it back to the said Industrial Accident Board;

"It Is. Therefore Ordered, that the above entitled cause be and the same is hereby remanded and sent back to the said Industrial Accident Board of the City and County of Honolulu, Territory of Hawaii, for such further proceedings as it may deem consistent with the law and the facts herein."

On July 13, 1921, the claimant filed a fresh claim for compensation with the Industrial Accident Board against J. L. Young, as employer, and the London Guarantee and Accident Company as defendant. On August 1 the claimant filed an amended claim joining all three of the insurance carriers as parties defendant.

To the amended claim before the Accident Board the

three insurance companies filed motions to quash upon various grounds set out in said motions.

The board has certified to this court the following questions:

"1.   Is the award of Industrial Accident Board of the City and County of Honolulu, Territory of Hawaii, dated January 16th, 1918 in the above case still in force?

"2.   If not is the award of the said Industrial Accident Board dated February 6th, 1918 in force?   If so whom does it run against?

"3.   Can the said Industrial Accident Board set aside an order or award previously made and enter and make a new order or award prior to the expiration of the six months period provided in Section 37 of Act 221, S. L. 1915?

"4.   Is the above matter now properly pending before the Circuit Court or is it before said Industrial Accident Board?

"5.   If the case is pending before the Circuit Court can it, the said Circuit Court, make any of said insurance carriers parties to the claim, should it be determined that they or any of them were insurance carriers of Young at the time of the accident?   If so on whose motion?

"6.   Has the said Industrial Accident Board power to make The London Guarantee and Accident Company, Ltd., Employers' Liability Assurance Corporation, Ltd. and/or the Hartford Accident and Indemnity Company parties to the original claim and/or award on the application of Blandina de Grace (now known as Blandina M. Barboza) for herself and her two minor children, George de Grace and Marguerite de Grace, at this time under the present status of the case should it be determined that they or any one of them were insurance carriers of Young at the time of the accident?

"7.   Can the said Industrial Accident Board in any event entertain an original claim by Blandina de Grace (now known as Blandina M. Barboza) for herself and her two minor children, George de Grace and Marguerite de Grace, against The London Guarantee and Accident

Company, Ltd., Employers' Liability Assurance Corpora-
tion, Ltd. and/or the Hartford Accident and Indemnity
Company, should it be found that they were insurers of
J. L. Young at the time of the accident under the present
status of the case?

"8. Does the amended claim of Blandina de Grace
(now known as Blandina M. Barboza) for herself and
her two minor children, George de Grace and Marguerite
de Grace, dated July 27th, 1921 filed before the said In-
dustrial Accident Board bring the matter properly before
the said Industrial Accident Board?

"9. If either or both questions 5 and 6 are answered
in the affirmative, can the said Industrial Accident Board
in determining whether any or all of said alleged insurers
of J. L. Young should be made parties to the case in-
quire further than to ascertain whether or not the insur-
ance policies were in force and uncancelled under the pro-
visions of Section 52 of Act 221, S. L. 1915, at the time
of the accident?"

Of the questions certified to us by the board, the fol-
lowing three may be considered together:

"1. Is the award of Industrial Accident Board of
the City and County of Honolulu, Territory of Hawaii,
dated January 16th, 1918, in the above case still in force?"

"2. If not, is the award of the said Industrial Acci-
dent Board dated February 6th, 1918, in force? If so
whom does it run against?"

"4. Is the above matter now properly pending before
the Circuit Court or is it before said Industrial Accident
Board?"

From the record it is apparent that all of the proceed-
ings had in this matter before the board up to and includ-
ing the award of January 16, 1918, had been regular.
The confusion into which this matter has been thrown
has been caused by the petition filed by the employer seek-
ing to have the award of January 16 amended so as to
add the insurance carriers as parties defendant. Con-
fusion has also arisen through the action of the acting

chairman in attempting to set aside and revoke the award of the board. That the acting chairman was without such authority seems to be conceded by all of the parties herein, and in this we concur.

The contention of the insurance carriers throughout this controversy has been that the board, having on January 16, 1918, made its award, improperly and without authority reopened the matter and held a hearing thereon upon the motion of the employer.

Section 46, Act 221, S. L. 1915, known as the Workmen's Compensation Act, provides several ways in which an employer may secure compensation to an injured employee, one of which is by insuring and keeping insured the payment of such compensation with any corporation authorized to transact the business of workmen's compensation in this Territory. In this case the employer had adopted this mode of insurance and had insured with the three defendant companies, and, as required by the act, had filed with the board notices of such insurance together with copies of the policies of insurance. Section 49 of the act, as amended by section 12, Act 227, S. L. 1917, provides that all such policies of insurance shall contain a provision setting forth the right of the employee to enforce the liability of the insurance carrier, by either at any time filing a separate claim against the insurance carrier or by at any time making the insurance carrier a party to the original claim. Paragraph b of section 60 of the act declares the term "workman" to be synonymous with "employee" which term includes the dependents of an employee. The claimant herein, therefore, undoubtedly might, when she filed her original claim, have made the insurance carriers parties defendant, or she may *at any time* file a separate claim against the insurance carriers.

From the actions of the board in entertaining the

petition of the employer, in reopening the matter and in making the so-called new award of February 6, 1918, the defendant insurance carriers appealed to the circuit court. Upon this appeal the circuit court held that, inasmuch as the Workmen's Compensation Act makes no provision for the joining of insurance carriers as parties to a claim for compensation, on the motion of the employer, the board was without authority to entertain the petition filed by the employer for that purpose. The circuit court, therefore, sustained the appeal of the insurance companies and dismissed them as parties defendant. Whether the ruling of the circuit court was correct or not we are not now required to say, for no appeal has been taken from the same and said ruling, therefore, may be assumed to be correct for the purposes of this opinion. Under the ruling of the circuit court the petition of the employer to reopen the matter was a futile effort and all actions taken by the board thereon were of no effect. It follows that the original award of January 16, never having been appealed from, remained of binding force and effect.

But it is contended by the insurance carriers that because of the appeal taken by them from the award of February 6, 1918, to the circuit court, the board has lost jurisdiction of the matter and it is now pending in the circuit court, the only parties to the matter now being the claimant and the employer. With this contention we cannot agree. The effect of the unappealed-from holding of the circuit judge, as we have already observed, was to leave the original award of the board under date of January 16 in full force. That award is in favor of claimant and against the employer and has never been appealed from nor in any manner removed from the jurisdiction of the board. The propriety of that award has never been brought into question by appeal to the circuit court. The only phase of the matter that has ever been

before the circuit court was the abortive so-called award of February 6 and that matter having been disposed of by the circuit court nothing further remained before the circuit court. It follows, therefore, that this matter is not now pending before the circuit court but is pending before the board.

From our view on the foregoing questions the only remaining question that requires an answer is question 6 which is:

"6. Has the said Industrial Accident Board power to make The London Guarantee and Accident Company, Ltd., Employers' Liability Assurance Corporation, Ltd. and/or the Hartford Accident and Indemnity Company parties to the original claim and/or award on the application of Blandina de Grace (now known as Blandina M. Barboza) for herself and her two minor children, George de Grace and Marguerite de Grace, at this time under the present status of the case should it be determined that they or any one of them were insurance carriers of Young at the time of the accident?"

From the plain language of the Workmen's Compensation Act we have no hesitancy in answering this question in the affirmative for, as we have already observed, section 49 of the act as amended by section 12, Act 227, S. L. 1917, provides that a claimant for compensation may make an insurance carrier a party defendant either at the time the original claim is filed or by at any time making a separate claim against said carrier. There is, therefore, no legal impediment to the claimant's now filing a separate claim with the board against the insurance carriers nor to her making said carriers parties to the original claim.

Under the view we take of the case it is unnecessary that the remaining questions certified to us be answered.

Answering the questions that we deem necessary to be answered, we are of the opinion:

1. The award of the Industrial Accident Board of the City and County of Honolulu, Territory of Hawaii, dated January 16, 1918, in the above case is still in force.

2. The award of said Industrial Accident Board dated February 6, 1918, is not in force.

4. The above matter is now properly pending before the Industrial Accident Board and not before the circuit court.

6. The Industrial Accident Board has power at this time and under the present status of this case, on the application of claimant for herself and minor children, to make the London Guarantee and Accident Company, Limited, Employers' Liability Assurance Corporation, Limited, and/or the Hartford Accident and Indemnity Company parties to the original claim and/or award on the application of Blandina De Grace (now known as Blandina M. Barboza) for herself and her two minor children, George De Grace and Marguerite De Grace, should it be determined that they or any one of them were insurance carriers of Young at the time of the accident.

*W. W. Thayer* for claimant.

*Thompson, Cathcart & Ulrich* and *S. W. Fitzherbert* for J. L. Young Engineering Co.

*Robertson & Castle* for Employers' Liability Assurance Corporation, Ltd.

*Smith, Warren, Stanley & Vitousek* for London Guarantee and Accident Co., Ltd.

*W. T. Carden* for Hartford Accident & Indemnity Co.