## FRANCISCO TOMONDONG v. M. IKEZAKI.

### No. 2014.

Argued September 29, 1931.          Decided October 28, 1931.

Perry, C. J., Banks and Parsons, JJ.

OPINION OF THE COURT BY PERRY, C. J.

This is a petition for a rehearing. It is based on three grounds. The first is that "the decision erroneously assumes that the contract of insurance between Ikezaki and the Ocean Accident & Guarantee Corporation, Ltd., was a part of the record of the hearing had in said case before the industrial accident board, when the facts are that such contract of insurance was never a part of the record in such case in the hearing before the industrial accident board." In the same petition it is expressly admitted that "it is true that a copy of the contract of insurance was on file with the industrial accident board," but it is claimed in this connection that "it was no part of the record of the hearing had on the claim for compensation of Francisco Tomondong." In other words, the claim is that before the policy of insurance, which had been filed with the board prior to the commencement of the proceedings in the case at bar, could be referred to by the board it would be necessary to formally offer it in evidence in these particular proceedings. To so hold

would be to attribute to claims for compensation before the industrial accident board and to hearings thereon a degree of formality and technicality of procedure which does not characterize proceedings in an ordinary judicial tribunal. Courts take judicial notice of their own records. 23 C. J. 109-111. Proceedings before the industrial accident board were intended by the legislature to be "as simple and informal as may be consistent with right and justice." *Ching Hon Yet* v. *See Sang Co.*, 24 Haw. 731, 739. See also *Carroll's Case*, 225 Mass. 203. In our opinion there was no error in assuming that the policy of insurance was before the industrial accident board and could have been referred to by that board in aid of the determination of the issues before it in the case at bar.

The second ground of the petition is that this court "erroneously assumes that it was stipulated by the parties that the case should be submitted on the 'record before the industrial accident board.'" The bill of exceptions in its opening paragraph expressly states that at the hearing in the circuit court "it was stipulated by and between counsel for claimant and for defendant that the case should be submitted to the court on the record before the industrial accident board aforesaid and the transcript of testimony taken before said board." It is true that the clerk of the circuit court in his minutes says: "The transcript was received and filed as evidence on which the cause was submitted. Counsel stipulated that the case will be submitted on this transcript provided it is a correct copy." The clerk, however, also says, in the same paragraph, "Mr. Kemp's motion to dismiss the appeal, together with the entire record, was taken under advisement by the court." Taken as a whole these statements of the clerk are not necessarily inconsistent with the statement in the bill of exceptions which is above quoted.

What "the entire record" was which the clerk refers to is not defined. It may have included, the record of the accident board and if it did that must have meant something in addition to the transcript, for the clerk immediately proceeds to make reference to the transcript. The clerk's statements relating to the transcript are at least susceptible of the construction that the stipulation was that the transcript, as well as other parts of the record before the board, could be considered by the circuit judge.

In deciding the case the circuit judge said that "no power of attorney from defendant to the insurance carrier appears in the record." That document was not in fact in the files in the circuit court. Apparently it was not at that trial suggested by counsel, nor did it occur to the trial judge, that as a matter of law it should be deemed to be before the circuit judge, since it had been a part of the records of the accident board.

The usual procedure with reference to the allowance of bills of exceptions is that they are presented to the appellee for examination and the appellee is given an opportunity to present to the trial judge objections to any of the proposed statements. Either there was no objection in this instance by the appellee to the proposed statements above quoted from the opening paragraph, or, if there was an objection, it was overruled. In any event the judge who presided at the trial and had the benefit of his own recollection, as well as of the statements of the clerk and the suggestions of counsel, has solemnly certified to this court that he found the statements in question, as well as other statements of the bill, "conformable to the truth." We find nothing in the record to satisfy us that the judge's certificate upon this point was incorrect.

The third ground of the petition is that our decision

"is in conflict with and in effect nullifies section 3652, Revised Laws of Hawaii, 1925, and the decision of this court in *De Grace* v. *Young,* 27 Haw. 489. That is, the decision in effect gives to the insurance carrier the right to become a party to such proceeding by granting to such insurance carrier the right to take an appeal in behalf of such employer, in a case in which the insurance carrier is not a party to such proceeding, when by statute and decision above cited the right of making the insurance carrier a party defendant is given only to the employee." What was held in the opinion under review was that under the provisions of the policy the insurer was authorized, as attorney in fact, to sign the notice of appeal on behalf of the insured employer. This certainly is not the equivalent of saying that the insurer has the right of its own accord to make itself a party to proceedings in which it has not otherwise been made a party. In *De Grace* v. *Young,* 27 Haw. 476, 487-489, the questions ruled upon in our former opinion were not considered or decided. Nothing was said in that case which conflicts with the rulings in our opinion in this case. Nor does the statute referred to (Sec. 3652, R. L. 1925,) provide, directly or inferentially, that the insurer may not act as the attorney in fact of the employer in signing a notice of appeal.

The petition for a rehearing is denied.

*Jean Vaughan* for petitioner.

*W. R. Ouderkirk* contra.

Parsons, J.: I concur in the result.