IN THE MATTER OF THE CLAIM FOR COMPENSATION OF KUNIYO HANATANI AND SHIZUE HANATANI, MINORS, BY SHUZO TAOMAE, AS NEXT FRIEND, *v.* M. F. CALISTRO, DOING BUSINESS AS CALISTRO FURNITURE STORE.

No. 1896.

SUBMITTED OCTOBER 14, 1930.     DECIDED NOVEMBER 13, 1930.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PARSONS, J.

This case is before us upon writ of error to the first circuit court. The assignments are eight in number, seven of which allege error in the judgment and decision of the circuit court and the eighth of which alleges error on the part of the circuit court in vacating an order dismissing the appeal to it in said action.

Proceedings were commenced by notice of injury and claim for compensation made to the industrial accident board of the City and County of Honolulu under the Workmen's Compensation Act on behalf of Kiyoto Hanatani, Kuniyo Hanatani and Shizue Hanatani, the minor children of Tadaichi Hanatani, who was alleged to have been killed in an accident June 19, 1926, at Waimea, Oahu, while in the employ of M. F. Calistro, the defendant herein. Under date of June 21, 1926, the said employer, doing business as M. F. Calistro Furniture Company, filed with said industrial accident board his first report of said accident in which he reported among other things that said accident arose out of and in the course of the said T. Hanatani's employment by Calistro. On September 8, 1926, after a hearing, the industrial accident board entered an order awarding compensation in said matter to Kuniyo Hanatani and Shizue Hanatani, two of the claimants above named, each being under the age of sixteen years, said order reciting among other things: "That the death of the said Tadaichi Hanatani, on June 19, 1926, was the result of an injury caused by an accident arising

out of and in the course of his employment on June 19, 1926, while he was in the employ of and while working for the said M. F. Calistro, doing business as Calistro Furniture Store."

Thereafter, under date of September 15, 1926, a "motion to reopen and amend decision" signed "M. F. Calistro, doing business as Calistro Furniture Store, by London Guarantee & Accident Co., Ltd., appearing specially in this behalf, by A. M. Cristy, Brown, Cristy & Davis, their attorneys," was filed in said matter with said industrial accident board. The grounds of the motion are thus set forth therein: "1. That under the record herein the board was without jurisdiction to make the award against M. F. Calistro, doing business as Calistro Furniture Store, in that on the record and proceedings the accident and injury in question occurred in the course of a private venture not within the definition of industrial employment as defined by the Workmen's Compensation Act. 2. That fraud has been practiced upon the board in attempting to mislead the board on the facts so as to confuse the liability, if any, of M. F. Calistro, the person, with M. F. Calistro, doing business as Calistro Furniture Store. 3. That fraud has been practiced upon the board on the part of the claimants by refusing to make the insurance carrier a proper party defendant in its own name and right, and at the same time to induce and secure an award and finding of fact for the sole purpose of attempting to bind the insurance carrier. 4. That the person injured in the above entitled matter was not an employee acting in the course and scope of his employment of M. F. Calistro, doing business as Calistro Furniture Store, within the definition of workman or employee in section 60 of the Workmen's Compensation Act, being section 3663, paragraph (b) Revised Laws of Hawaii 1925. 5. That fraud has been practiced upon the board by the claimants herein in so presenting the facts

as to attempt to conceal the issue whether or not the employer was properly insured within the requirements of the Act."

Attached to and made a part of the motion was the affidavit of E. H. Rabe, as follows: "E. H. Rabe, being first duly sworn on oath deposes and says: that on or about June 21, 1926, M. F. Calistro, at the office of Theo. H. Davies & Co., reported to your affiant that he, M. F. Calistro, owned some beach property at Pupukea, windward Oahu (a distance of approximately 30 miles from Honolulu) upon which property said M. F. Calistro was constructing a beach home; that this home was for the use of M. F. Calistro and his family for week-ends and vacations; that the building on this property was still incomplete and would require another month or two to finish; that work in connection with said building was being done by M. F. Calistro himself and some of the men employed in the furniture store were occasionally sent out when work was slack to assist in doing carpentry and other work to finish the building; that such work was principally done over week-ends; that Hanatani, the deceased employee of the furniture store, was used whenever possible to assist in constructing the building for M. F. Calistro; that on the occasion of the accident said Hanatani and another workman in the furniture store had been sent down to the beach house to do some carpentry work thereon and other furnishing work, such as painting, etc.; that such men were not paid extra for working at the beach house but that the use of the beach place by such workmen was considered as a privilege in the nature of a picnic, M. F. Calistro furnishing the food and the man getting the outing; that the beach house was in no way connected with the furniture business and the accounts therefor were kept in an entirely different account; that prior to the time of this conversation between M. F. Calistro and your affiant that

neither your affiant nor the London Guarantee & Accident Company had any knowledge of the fact that said M. F. Calistro was using any of the employes in the furniture business in any other line of work than in connection with the furniture business, but on the contrary the said M. F. Calistro had secured insurance on the sole representation that he was conducting a furniture business and was employing men in the furniture business as shown by the policy on file with the industrial accident board; nor was said insurance company informed prior to said conversation of any facts tending to show that the said M. F. Calistro was engaged in any other business in which others were employed by him than in the furniture business, and that the attorney for the claimants herein was fully informed, so far as your affiant was informed and believes, and on such information and belief alleges, that the foregoing were the facts and that such attorney had full knowledge thereof at the time of the refusal to make the insurance carrier a party in the claim before the industrial accident board covered by the motion attached hereto and made a part hereof; and that said M. F. Calistro and said attorney for said claimants were fully advised of the denial of liability by the insurance carrier for M. F. Calistro, doing business as Calistro Furniture Store."

The foregoing motion to reopen was granted and after a further hearing the industrial accident board, under date of December 1, 1926, entered an order confirming its former order above referred to of September 8, 1926. Under date of December 6, 1926, an appeal was noted from the decision, order and award dated as above set forth December 1, 1926, of said industrial accident board, to the circuit court of the first circuit, said appeal being signed "M. F. Calistro, doing business as Calistro Furniture Store, by London Guarantee & Accident Co., Limited, by E. J. Botts, attorneys for appellant." More than two

years thereafter, under date of December 17, 1928, a withdrawal of said appeal, signed "M. F. Calistro, doing business as Calistro Furniture Store," was filed in said last named court and cause, and under the same date an order therein was filed, dismissing said appeal. On January 5, 1929, a motion dated January 4 and entitled "Motion to vacate order dismissing appeal" was filed in said matter. The motion last above referred to was signed "London Guarantee and Accident Company, Limited, by E. J. Botts, its attorney," and was in the following form: "Comes now London Guarantee and Accident Company, Limited, by E. J. Botts, its attorney, and hereby moves that the order dismissing the appeal in the above-entitled matter, made and entered on the 17th day of December, 1928, be vacated and set aside. This motion is made and based on all the papers, pleadings and files in the above-entitled matter and upon the affidavit of E. J. Botts hereto attached and made a part hereof."

The affidavit therein referred to and upon which said motion was based was as follows: "E. J. Botts, being first duly sworn, deposes and says: that he is the attorney in the above entitled matter for the London Guarantee and Accident Company, Limited; that the above entitled matter is an appeal from a decision of the industrial accident board of Honolulu awarding compensation to the dependents of one T. Hanatani, who died June 19, 1926; that at the time of his death the said T. Hanatani was employed by M. F. Calistro, doing business as Calistro Furniture Company, and at said time the said M. F. Calistro, doing business as the Calistro Furniture Company, had in force a certain insurance policy, issued by the said London Guarantee and Accident Company, Limited, covering his liability under the Workmen's Compensation Act (Revised Laws, chapter 209); that following the death of the said T. Hanatani, a claim was filed for compensation on behalf

of decedent's minor children before the said industrial accident board; that the said London Guarantee and Accident Company, Limited, participated in a hearing before said board and denied liability and maintained that said death was not compensatable under said Act by reason of the fact that the death of the said T. Hanatani had not occurred in connection with industrial employment, or in the course of or arising out of such employment, but occurred while engaged in a private non-industrial matter, unrelated to his employment with the M. F. Calistro Furniture Store; that following a hearing before said board, the said board decided the question in favor of applicants and made an award of compensation; that feeling itself aggrieved and desiring the question of law determined in a judicial hearing, the said London Guarantee and Accident Company, Limited, in its own name and in the name of the said M. F. Calistro Furniture Store, noted and perfected an appeal to the circuit court of the first judicial circuit, which said appeal remained pending and undisposed of up to December 17, 1928; that on said last mentioned date the said M. F. Calistro signed an instrument designated as a withdrawal of appeal and caused the same to be submitted to the Hon. E. K. Massee, a judge of said circuit court, by the attorney for the claimants above referred to; that in presenting said notice of withdrawal, affiant is informed and believes and so avers, the said judge was not informed that said appeal had been taken by the London Guarantee and Accident Company, Limited, and that it was the real party in interest, but on the contrary was led to believe and did believe that the said M. F. Calistro was the real party appellant in interest; that ignorant of the real state of facts, the said judge signed an order dismissing said appeal; that neither affiant nor the London Guarantee and Accident Company, Limited, was advised or notified that the matter of dismissing the

appeal was to be submitted to the court, notwithstanding that affiant was the attorney of record, a fact well known to the said M. F. Calistro; that affiant believes the fact to be and so alleges that the said M. F. Calistro combined and conspired with the said claimants to prevent and deprive the said London Guarantee and Accident Company, Limited, securing a rehearing and judicial determination of the question involved in the appeal, and in furtherance of said conspiracy procured the dismissal of said appeal as aforesaid; that the said London Guarantee and Accident Company, Limited, was kept in ignorance of said conspiracy and did not know said appeal had been dismissed until it received a letter from the attorney for the claimants, in the words and figures as follows:

O. P. Soares, Attorney at Law,
S. M. Damon Bldg., Bishop Street,
Honolulu, Hawaii.

December 15, 1928.

London Guarantee & Accident Co., Limited,
c/o Theo. H. Davies & Company, Limited,
Honolulu, Hawaii.

Gentlemen:

The appeal of M. F. Calistro from the judgment, order and award of the industrial accident board of the City and County of Honolulu, Territory of Hawaii, in favor of Kuniyo Hanatani and Shizue Hanatani, having been discontinued, withdrawn and dismissed, demand is hereby made upon you for the amounts due thereunder to date, namely:

| | |
|---|---|
| Costs of medical, surgical and hospital services and supplies | $ 15.00 |
| Burial expenses | 126.00 |
| Compensation from June 19, 1926, to December 19, 1928, 30 months at $25.09 | 752.70 |
| | $893.70 |

In view of the length of time this matter has been over-looked by you, please be advised that if same is not settled in full by 10:00 a. m. of Tuesday, the 18th instant, suit will be brought.

Trusting that you will not make this action necessary, I am

Yours very respectfully,

(S)   O. P. Soares

Attorney for Kuniyo Hanatani and Shizue Hanatani."

On January 19, 1929, an order in said matter, dated the preceding day, signed by Judge Steadman, was filed. Said order was entitled "Order vacating order dismissing appeal" and was in the following form: "On motion of London Guarantee & Accident Company, Limited, by its attorney E. J. Botts, and good cause appearing therefor, it is hereby ordered that the order heretofore made herein dismissing the appeal in the above entitled matter, be and the same is hereby vacated and set aside." Thereafter said matter came on for hearing on said appeal from said order of the industrial accident board before the circuit court, jury waived, Judge Massee presiding, and under date of February 2, 1929, the latter filed his decision which concludes as follows: "By admission defendant Manuel F. Calistro, doing business as Calistro Furniture Store, is liable to claimants, as it was admitted and established that the death of T. Hanatani resulted from an accident arising out of and in the course of his employment by Calistro Furniture Store in connection with the specific branch of its business devoted to real estate, and I so find. The court finds that said accident did not arise out of and in the course of employment by Calistro Furniture Store in its business as insured in the contract of insurance, and that the insurance carrier, London Guarantee and Accident Company, Limited, is not liable. The court finds

that the persons entitled to compensation and the amount of compensation payable to be as contained in the order of the industrial accident board dated September 8, 1926, as affirmed December 1, 1926, interest running as provided by law. Judgment will be entered for claimants and against Manuel F. Calistro, doing business as Calistro Furniture Store, but not against the insurance carrier, and will be entered for the appellant insurance carrier, London Guarantee and Accident Company, Limited, and against the claimants." On February 4, 1929, judgment was entered in conformity with said decision, and it is from said judgment that the case is now before us on writ of error.

At the hearing in the circuit court certain files of the industrial accident board were introduced as exhibits, among them the following: appellant's exhibit "B," daily report to the London Guarantee & Accident Company, Limited, as to policy number TH7232. This report shows among other things: "1. Name of the assured, Manuel F. Calistro, doing business as Calistro Furniture Store, address 1116 Bethel Street, Honolulu, T. H. * * * individual. 2. The policy period shall be from November 20, 1925, to November 20, 1926 * * *. 3. (a) Locations of all factories, shops, yards, buildings, premises, or other workplaces of the assured in the Territory of Hawaii by county and town or city, with street and numbers, are as follows: 1116 Bethel Street, Honolulu, T. H. Description of business operations (b) * * * furniture dealers— wholesale and retail store, furniture repairing, assembling and finishing. * * * 6. No trade, occupation or profession is conducted by the assured at any location in the Territory of Hawaii not designated in statement 3, except as follows: no exceptions."

Appellant's exhibit "D"—letter dated June 24, 1918, from insurance department, Theo. H. Davies & Co., Ltd.,

to industrial accident board enclosing standard form of workmen's compensation policy then used by said insurance company. The executed policy in the instant case was not introduced but there was testimony to the effect that exhibit "D" was a copy of the form used. Said form contains among others the following provisions: in section I the company agrees: "1. To pay all sums due from the assured under the provisions of the Hawaii Workmen's Compensation Law of 1915, and amendments thereto, for compensation, surgical, medical and hospital services and supplies, and burial expenses, on account of such injuries. If any condition of this policy affecting an injured employe or other person entitled to compensation is at variance with any provision of the said law, such policy condition shall be void in so far as it is inconsistent with the said statutory provision. * * * 3. To defend in the name and on behalf of the assured any claim or suit, even if groundless, brought against the assured to recover damages on account of injuries covered by this policy, unless or until the company shall elect to effect settlement thereof, and to protect the assured against the levy of any execution issued in any final judgment rendered against the assured in such suit." Section II, condition B. "The company will thereafter either settle or defend such claim or suit, as provided in section I. The company shall have the exclusive right to defend suits and to make payments and settle claims on account of injuries or deaths covered by this policy, unless the company shall have previously given its written consent to the assured to make such payments or settlements." Condition C. "This policy covers all employes of the assured who are included in the premium computation as provided in statement 4, and also covers the assured's liability under the said compensation law to employes of contractors (as described in section 60 (a) of the said law) engaged in the said business opera-

tions." Section III of said policy is similar in form to the form of the daily report hereinabove referred to as appellant's exhibit "B."

Appellee's exhibit 2, letter dated July 7, 1926, insurance department Theo. H. Davies & Co., Ltd., to industrial accident board "Re Claim No. C-8481—Calistro Furniture Company—T. Hanatani—inj. 6/19/26" as follows: "Enclosed herewith you will find report of accident which resulted in death, as listed above. At the time of this accident the deceased was engaged in carpentry work in connection with the construction of a private residence. While there is no doubt in our minds that an award should be made against Mr. M. F. Calistro personally, as the residence was being built for him, we hereby wish to make a formal protest on behalf of the London Guarantee and Accident Company as we do not believe that said company should be enjoined in the award. Our reason for this protest is that we issued our compensation policy to cover the operation of a furniture store and such incidental work necessary to conduct said furniture store. It was not the intention to cover construction work such as the deceased was doing at the time of the accident, nor were we aware of the fact that such work was being carried on by Mr. Calistro personally."

Specifically the claimants' assignments of error are as follows: 1. "The court erred in giving judgment in favor of the London Guarantee and Accident Company, Limited." 2. "The court erred in holding that the London Guarantee and Accident Company, Limited, is not liable for the compensation due and to become due the claimants." 3. "The court erred in discharging the London Guarantee and Accident Company, Limited, from any liability." 4. "The court erred in holding that the policy of insurance issued by the London Guarantee and Accident Company, Limited, to the defendant Calistro (exhibit 'B') does not

cover the real estate business nor the construction or repair of houses." 5. "The court erred in holding that the policy of insurance (exhibit 'B') did not cover the business of erecting houses in connection with the business of real estate." 6. "The court erred in holding that the provision in the policy of insurance (exhibit 'B'), identified as '3 (h) other business operation,' refers to other places of business of the defendant and not to other business." 7. "The court erred in holding that the accident, the subject of this litigation, did not arise out of and in the course of employment by Calistro Furniture Store in its business as insured in the contract of insurance." 8. "The court erred in vacating the order dismissing the appeal in the above entitled action."

From the foregoing recital it will be noted that assignments one to seven, inclusive, relate to the trial court's findings and judgment with reference to the nonliability of the insurance company. In the view herein expressed the seven assignments last above referred to may be considered together. Section 3652, R. L. 1925, provides as follows: "Every policy of insurance and every guarantee contract covering the liability of the employer for compensation, whether issued by a stock company, or by a mutual association authorized to transact workmen's compensation or guarantee insurance in the Territory shall cover the entire liability of the employer to his employees covered by the policy or contract, and also shall contain a provision setting forth the right of the employees to enforce in their own names either by at any time filing a separate claim or by at any time making the insurance carrier a party to the original claim, the liability of the insurance carrier in whole or in part for the payment of the compensation; provided, however, that payment in whole or in part of compensation by either the employer or the insurance carrier shall, to the extent thereof, be a

bar to the recovery against the other of the amount so paid.

"All insurance policies shall be of a standard form, the form to be designated by and approved by the commissioner of insurance of the Territory. No policy of insurance different in form from the designated and approved form shall be approved by the board." Under the above quoted section this court, in *De Grace* v. *Young*, 27 Haw. 476, has held (quoting from the syllabus, p. 477) that "A claimant may make an insurance carrier a party defendant to his claim either at the time the original claim is filed or by at any time making a separate claim against the insurance carrier." In the case at bar it is apparent that the insurance carrier has never been made a party defendant to the proceedings and the record shows that the claimants expressly refused to make it such a party.

From the foregoing statement of facts it appears that with one exception the appearances of record before the industrial accident board and the circuit court therein set forth of the London Guarantee & Accident Company, Limited, were appearances for and on behalf of M. F. Calistro, doing business as Calistro Furniture Store; the one exception above referred to being the insurance carrier's motion on January 4, 1929, in the circuit court to "vacate order dismissing appeal" which was made in its own name. The insurance company not having been a party to the proceeding in the circuit court, no finding therein of that court as to its contractual relations with Calistro under its policy of insurance and no judgment therein against it could have bound it; and for the same reason Calistro and the claimants cannot be bound by the findings and judgment therein in its favor. Assignments 1, 2, 3, 4, 5, 6 and 7 are therefore sustained.

The award of the accident board was against Calistro only and this was in conformity with the employer's re-

port of the accident, prepared by the insurance carrier, and with the claim of the insurance company of July 7, 1926, as set forth in its letter hereinabove quoted of that date to the industrial accident board, later introduced in the trial of said matter on appeal in the circuit court as appellee's exhibit 2. The appeal from the award of the industrial accident board to the first circuit court as above set forth was made in Calistro's name by the insurance company. The dismissal of the appeal was by Calistro himself. No exclusive right on the part of the insurance company to control said appeal was shown to exist unless under section I, provision 3, or section II, conditions B and C above quoted of said policy. The admissions of the insurance company in appellee's exhibit 2, in the affidavit supporting its motion to vacate order dismissing appeal, both hereinabove quoted at length, and in the testimony of its representative, that the said policy does not cover the present case, need not now be considered, except as uncontradicted evidence tending to show that the insurance company had no such exclusive right to act for Calistro. In any event the company, not purporting to act for Calistro but for itself only, in its motion to vacate order dismissing appeal, and the company not being a party to the proceeding, the motion should not have been entertained by the circuit court. For this reason assignment number 8 is sustained.

The judgment of the trial court is reversed and the same is remanded with direction to the trial court to reinstate the aforesaid order of December 17, 1928, dismissing defendant's appeal from the award of the industrial accident board to the circuit court.

*O. P. Soares* for plaintiffs in error.

*E. J. Botts* for defendant in error.