FRANCISCO TOMONDONG *v.* M. IKEZAKI.

No. 2014.

Argued May 29, 1931.          Decided June 3, 1931.

Perry, C. J., Banks and Parsons, JJ.

OPINION OF THE COURT BY PERRY, C. J.

The industrial accident board for the City and County of Honolulu made an award in favor of the plaintiff, an employee, and against the defendant, his employer. Representatives of The Ocean Accident and Guarantee Corporation, Limited, insurance carrier of the defendant, were present at times during the proceedings before the industrial accident board, but apparently the insurance company was not at any time made a party to the cause. From the order of the board awarding compensation to the claimant an appeal was noted to the circuit court of the first judicial circuit. The notice of appeal was signed as follows: "M. Ikezaki, defendant herein, by The Ocean Accident and Guarantee Corporation, Limited, his insurance carrier, and The Ocean Accident and Guarantee

Corporation, Limited, insurance carrier, by its attorney, J. B. Lightfoot, Esquire, * * * by (s) G. R. Corbett." In the circuit court the claimant-appellee moved to dismiss the appeal on the ground that "the insurance carrier is not a party to the proceeding and that no party to the proceeding has, nor has the defendant, employer, appealed from the award." The circuit judge sustained the motion and dismissed the appeal. From his order to that effect the case comes to this court upon the bill of exceptions of the defendant employer. The circuit judge took the view that the insurance company, holding no license to practice law, could not validly sign the notice of appeal on behalf of the assured, the defendant, and for that reason and also because the policy of insurance was not before him and no other power of attorney had been produced authorizing the insurance company to sign the notice of appeal dismissed the appeal.

The mere act of signing a notice of appeal on behalf of the appellant is not a violation of the statutes concerning the licensing of attorneys and the practice of law. One who is expressly authorized by power of attorney or other instrument to sign a notice of appeal on behalf of another may do so and his act will be valid and effective for that purpose. Was this insurance carrier authorized to so act on behalf of its assured?

In the bill of exceptions the trial judge certifies that at the hearing before him "it was stipulated by and between counsel for claimant and for defendant that the case should be submitted to the court *on the record before the industrial accident board* aforesaid and the transcript of testimony taken before said board." In the praecipe issued by counsel for the appellant to the clerk of the circuit court, in connection with the present bill of exceptions, the clerk is asked to send to this court "certified copies of: (a) record before industrial accident board of the City and County of Honolulu." If the

insurance policy was a part of the files of the industrial accident board it should have been certified to the circuit court in order to enable the circuit judge to examine it. Under the stipulation of the parties, above quoted, the case was submitted to the circuit judge on the whole of the record before the accident board. Under these circumstances this court has ordered the insurance policy to be certified to this court by the accident board and in pursuance of this order a copy has been sent to this court by the accident board with a certificate that it is "a full, true and correct copy of the copy of the policy on file with this board."

The policy contains *inter alia* an agreement by the insurance company "to defend, in the name and on behalf of this employer, any suits or other proceedings which may at any time be instituted against him on account of such injuries, including suits or other proceedings alleging such injuries and demanding damages or compensation therefor, although such suits, other proceedings, allegations or demands are wholly groundless, false or fraudulent." The acceptance by the insured of this undertaking of the insurance company necessarily carried with it by inference the power to the insurance company "to defend, in the name and on behalf of this employer" and to do thereunder all things necessary to such defense. This would include the power to sign a notice of appeal.

In our opinion the notice of appeal was lawfully signed on behalf of the defendant employer by an entity authorized so to do and the appeal should not have been dismissed.

In *Hanatani* v. *Calistro*, 31 Haw. 638, the withdrawal or discontinuance of the appeal taken by the insurance company in the name of the employer was by the employer. The court found certain admissions by the insurance company to the effect that the policy of insurance "does not cover the present case, need not now

be considered, except as uncontradicted evidence tending to show that the insurance company had no such exclusive right to act" for the employer and that "no exclusive right on the part of the insurance company to control" the appeal was shown to exist. *Ib.*, p. 652. Under those circumstances the discontinuance by the employer of the appeal attempted to be taken by the insurance company was held effective. The decision in that case is not applicable to the facts of the case at bar.

The order appealed from is reversed and the case is remanded to the circuit judge for further proceedings not inconsistent with this opinion.

*Jean Vaughan* (*Kemp & Stainback* with her on the brief) for claimant.

*W. R. Ouderkirk* (also on the briefs) for defendant and the Insurance Carrier.