# IN THE MATTER OF THE CLAIM FOR COMPENSATION OF KIM POO KUM *v.* T. SUGIYAMA AND THE OCEAN ACCIDENT AND GUARANTEE CORPORATION.

## No. 2152.

Argued June 4, 1935.    Decided August 9, 1935.

Coke, C. J., Banks and Parsons, JJ.

OPINION OF THE COURT BY COKE, C. J.

The bill of exceptions of the Ocean Accident and Guarantee Corporation, Limited, plaintiff in error, brings up for review certain rulings of the circuit court of the first judicial circuit as well as its decision and the judgment rendered thereon.

The facts, as we understand them from the record and the uncontroverted recitations in the briefs submitted by the parties, summarized are as follows: In the month of May, 1932, one Kim Kwan Yun was an employee of T. Sugiyama, who operated a quarry at Waialee, City and County of Honolulu. While in the course of his employment Kim Kwan Yun accidentally sustained injuries from which he died. The deceased left a widow and a number of offspring. The appellant is the insurance carrier under an indemnity insurance policy issued to Sugiyama. Section 3652, R. L. 1925, provides: "Every policy of insurance and every guarantee contract covering the liability of the employer for compensation, whether issued by a stock company, or by a mutual association authorized to transact workmen's compensation or guarantee insurance in the Territory shall cover the entire liability of the employer to his employees covered by the policy or contract, and also shall contain a provision setting forth the right of the employees to enforce in their own names either by at any time filing a separate claim or by at any time making the insurance carrier a party to the original

claim, the liability of the insurance carrier in whole or in part for the payment of the compensation; provided, however, that payment in whole or in part of compensation by either the employer or the insurance carrier shall, to the extent thereof, be a bar to the recovery against the other of the amount so paid. All insurance policies shall be of a standard form, the form to be designated by and approved by the commissioner of insurance of the Territory. No policy of insurance different in form from the designated and approved form shall be approved by the board." The contract of insurance contains the following clauses: "One. (b) To indemnify this employer against loss by reason of the liability imposed upon him by law for damages on account of such injuries to such of said employees as are legally employed wherever such injuries may be sustained within the territorial limits of the United States of America or the Dominion of Canada. In the event of the bankruptcy or insolvency of this employer the company shall not be relieved from the payment of such indemnity hereunder as would have been payable but for such bankruptcy or insolvency. If, because of such bankruptcy or insolvency, an execution against this employer is returned unsatisfied in an action brought by the injured, or by another person claiming by, through or under the injured, then an action may be maintained by the injured, or by such other person claiming by, through or under the injured, against the company under the terms of this policy for the amount of the judgment in said action not exceeding the amount of this policy. Two. To serve this employer (a) by the inspection of work places covered by the policy when and as deemed desirable by the company and thereupon to suggest to this employer such changes or improvements as may operate to reduce the number or severity of injuries during work, and (b), upon notice of such injuries, by investigation thereof and by settlement

of any resulting claims in accordance with law. Three. To defend, in the name and on behalf of this employer, any suits or other proceedings which may at any time be instituted against him on account of such injuries, including suits or other proceedings alleging such injuries and demanding damages or compensation therefor, although such suits, other proceedings, allegations or demands are wholly groundless, false or fraudulent. Four. To pay all costs taxed against this employer in any legal proceeding defended by the company, all interest accruing after entry of judgment and all expenses incurred by the company for investigation, negotiation or defense. * * * D. The obligations of Paragraph One (a) foregoing are hereby declared to be the direct obligations and promises of the company to any injured employee covered hereby, or, in the event of his death, to his dependents; and to each such employee or such dependent the company is hereby made directly and primarily liable under said obligations and promises. This contract is made for the benefit of such employees or such dependents and is enforceable against the company, by any such employee or such dependent in his name or on his behalf, at any time and in any manner permitted by law, whether claims or proceedings are brought against the company alone or jointly with this employer. If the law of any state in which the policy is applicable provides for the enforcement of the rights of such employees or such dependents by any commission, board or other state agency for the benefit of such employees or such dependents, then the provisions of such law are made a part hereof, as respects any matter subject thereto, as fully as if written herein. The obligations and promises of the company as set forth in this paragraph shall not be affected by the failure of this employer to do or refrain from doing any act required by the policy; nor by any default of this employer after the accident in the payment of

premiums or in the giving of any notice required by the policy or otherwise; nor by the death, insolvency, bankruptcy, legal incapacity or inability of this employer, nor by any proceeding against him as a result of which the conduct of this employer's business may be and continue to be in charge of an executor, administrator, receiver, trustee, assignee, or other person. E. As between the employee and the company, notice to or knowledge of this employer of an injury or death covered hereby shall be notice or knowledge as the case may be of the company; the jurisdiction of this employer for the purposes of any Workmen's Compensation Law covered hereby shall be jurisdiction of the company and the company shall in all things be bound by and subject to the findings, judgments, awards, decrees, orders or decisions rendered against this employer in the form and manner provided by such laws and within the terms, limitations and provisions of this policy not inconsistent with such laws."

In due time following the death of Kim Kwan Yun his widow Kim Poo Kum, appellee herein, filed her claim for compensation against the employer Sugiyama with the industrial accident board of the City and County of Honolulu. Upon the conclusion of the hearing the board awarded compensation to claimant. At this hearing as well as in all subsequent proceedings both before the board and subsequently before the circuit court on appeal the employer was represented by Mr. Ouderkirk, counsel furnished to him by the insurance company, under the provision of its contract of insurance above set out. From the award of the board the employer appealed to the circuit court of the first judicial circuit and a trial of the issues was had before a jury which resulted in a verdict in favor of the claimant. Judgment on the verdict was thereupon docketed.

Following the rendition of judgment the claimant,

appellee herein, applied to the circuit court to join the present appellant, the insurance company, as a party defendant in the cause. The insurance company through its attorney appeared before the circuit court and moved to quash the application on grounds not clearly indicated in the record but after argument by counsel the court granted the motion to quash, holding that the application should have been initiated before the board. A certified copy of the judgment of the circuit court was thereupon filed with the board and claimant appeared before it and renewed her motion to make the insurance company a party. The insurance company thereupon appeared specially through its attorney, Mr. Ouderkirk, and moved to strike the claimant's motion from the files of the board on the following grounds: (1) "Upon the fact that it appears from the said motion that judgment has been entered in the circuit court of the first judicial circuit, Territory of Hawaii, upon the claim of said Kim Poo Kum against the employer, T. Sugiyama and that by reason of said judgment this board is without jurisdiction to join your movant herein;" (2) "that it appears from said motion that claimant has elected to proceed to judgment against the said employer, T. Sugiyama, without joining your movant herein as party defendant, and has secured the relief sought for, to wit, judgment against said employer and that accordingly this honorable board is without jurisdiction to take cognizance of the said motion of said claimant;" (3) "in that it appears from said motion that there is no longer any claim of said claimant before this honorable board, said claim having been reduced to judgment and this board having been accordingly relieved of jurisdiction over same and that accordingly this honorable board is without jurisdiction to entertain said motion of said claimant;" (4) "that this honorable board is without authority or jurisdiction by law to entertain said motion or any part thereof." After the

hearing the board granted the motion and entered an order making the insurance company a party defendant. From this order the insurance company perfected an appeal to the circuit court. At the time the appeal came on for hearing the insurance company again appeared by its attorney, Mr. Ouderkirk, and presented a request to be permitted to produce evidence to prove that the deceased "was not injured in the course and scope of his employment but was, in fact, injured while embarking on a pleasure lark of his own having nothing to do with his employment as a quarry hand at a quarry operated by the employer T. Sugiyama." Counsel further said: "We offer to prove that upon the day on which this fatality occurred the quarry was, in fact, not in operation; that the deceased employee was starting to crank up the truck, which ran over and killed him, to go off on a pleasure jaunt at Laie having nothing to do with the work for which he was employed." The circuit judge denied the offer of proof, at the same time clearly indicating his willingness to permit appellant to attack the validity of judgment on any proper ground. The appellant declined to avail itself of this offer. We quote from the record: "The court: So as to make the record clear, so far as I am concerned, I would like to have the insurance carrier, represented by Mr. Ouderkirk here, inform me as to whether there is any other matter of fact which you desire to be heard upon other than you have heretofore indicated in the record * * * . Mr. Ouderkirk: No, not that I can think of at this moment, judge." The court thereupon decreed "that the Ocean Accident and Guarantee Corporation, Limited, be and it is hereby made a party defendant in this cause and that the said judgment heretofore entered and hereinbefore set forth be and it is hereby ordered and adjudged as a judgment in full force and effect according to its terms in favor of claimant and against the Ocean Accident and Guarantee Corpora-

tion, Limited." This amendatory judgment was rendered on January 6, 1934.

It is conceded that the appellant is the surety on the bond of Sugiyama, a copy of which appears in the record. The principal questions presented by this appeal as set forth in the bill of exceptions are therefore (1) the propriety of the court's denial of the offer of proof and (2) jurisdiction to join the appellant as a party defendant and to subject it to the judgment.

We are satisfied that the circuit judge properly refused to permit the insurance company to try the issues which had already been adjudicated not only before the board but also in the circuit court on appeal. It appears to be the universal rule that where a surety has undertaken to perform a judgment or to pay any balance which shall be found to be due by the principal to the obligee it is bound by the judgment rendered unless it can show that the judgment was obtained by fraud or collusion. In 14 R. C. L. 63 the rule is stated as follows: "It should also be noted that if a person enters into a contract of indemnity whereby he expressly agrees to become responsible for the result of a litigation, or if, by operation of law, such a responsibility is cast upon him without any agreement, he will, in the absence of fraud or collusion, be conclusively bound by the judgment rendered, whether he had notice of the action in which it was entered or not." A recent case clearly announcing the rule is *Parra* v. *Traeger,* 6 Pac. (2d) 941. In that case, as in the present one, the insurance company undertook in behalf of the insured the defense of an action through an attorney employed by the company. The supreme court of California said (p. 942): "This court has uniformly held that where the insurer, upon such indemnifying policy and under its express agreement therein so to do, undertakes, on behalf of its insured, his defense in an action covered by the terms of its said policy, whatever

judgment is rendered and entered therein against the assured is binding and conclusive against the insurer."

A clear and comprehensive statement of the rule is to be found in the case of *Conner* v. *Reeves,* 103 N. Y. 527, 9 N. E. 439, where the court said: "The covenantor, in an action on a covenant of general indemnity against judgments, is concluded by the judgment recovered against the covenantee from questioning the existence or extent of the convenantee's liability, in the action in which it was rendered. The recovery of a judgment is the event against which he covenanted, and it would contravene the manifest intention and purpose of the indemnity to make the right of the convenantee to maintain an action on the covenant to depend upon the result of the retrial of an issue which, as against the covenantee, had been conclusively determined in the former action, 'always, however, saving the right, as the law must in every case where the suit is between third persons, to contest the proceeding on the ground of fraudulent collusion, for the purpose of charging the surety.'" (See also *Equitable Underwriters* v. *Industrial Com.,* 322 Ill. 462; *Kruger* v. *California Highway Indemnity Exchange,* 201 Cal. 672.) The judgment therefore became binding upon the insurance company by virtue of the law and the contract of insurance. To give the judgment virility as against the insurance company so that execution might issue thereon for the purpose of reaching its property it became necessary to make the company an actual party defendant in the cause or to proceed against it in some other manner recognized by law. The claimant might, e. g., have instituted an independent action against the insurance company on the judgment the gravamen of which would have been the insurance contract. This was the course pursued in the case of *Kruger* v. *California Highway Indemnity Exchange, supra,* and in a great many other cases which might be cited. Claim-

ant elected, however, to proceed under the authority granted by section 3652, R. L. 1925, through the medium of a motion without the aid of summons, citation or other process of court. Whether, under the circumstances of the present case, this procedure would have constituted due process of law had the insurance company ignored the motion and remained aloof from the proceedings presents an interesting question but one which we are not required to decide for reasons hereafter stated.

Appellant urges that it was denied its constitutional right of due process of law and that the court was without jurisdiction of the person of the appellant for the purpose of joining it as a party defendant in the cause or rendering any judgment which would be binding upon it and in this behalf it refers to the well-known rule that "where a judgment is rendered without the issuance and service of summons against a party who did not enter an appearance, the court rendering it is without jurisdiction to do so, and it can be assailed as void whenever presented as a muniment of right against another." *Hovey* v. *Elliott*, 167 U. S. 409, 444. (But see *Johnson* v. *Chicago and Pacific Elevator Co.*, 119 U. S. 388; *Beall* v. *New Mexico*, 83 U. S. 535.)

In the very early and famous case of *Kendall* v. *United States*, 37 U. S. 522, 623, it is said: "No court can, in the ordinary administration of justice, in common-law proceedings, exercise jurisdiction over a party, unless he shall voluntarily appear, or is found within the jurisdiction of the court, so as to be served with process." And again, in *Rhode Island* v. *Massachusetts*, 37 U. S. 657, 748, the same court said: "It has been contended, that this court cannot proceed in this cause, without some process and rule of decision prescribed, appropriate to the case; but no question on process can arise on these pleadings; none is now necessary, as the defendant has appeared and pleaded."

(See also *Lynde* v. *Lynde,* 181 U. S. 183.) Jurisdiction is the power to adjudicate a case upon the merits and dispose of it as justice may require. (See *The Resolute,* 168 U. S. 437.) This necessarily involves the idea that there must be jurisdiction of the subject matter of the litigation, also over the parties thereto. But the rights and powers of the parties and of third parties with reference to the mode of acquiring the two kinds of jurisdiction are not the same. Jurisdiction of the subject matter can only be acquired by virtue of the constitution or of some statute. Neither the consent of the parties nor acquiescence can confer it nor can the right to object for want of it be lost by acquiescence, neglect, estoppel or in any other manner. (*School Trustees* v. *Stocker,* 42 N. J. L. 115; *Springer* v. *Shavender,* 118 N. C. 33; *O'Brien* v. *The People,* 216 Ill. 354.)

It is the right of the state to say of what classes of cases its court shall have jurisdiction and to exclude all others and it is the duty of litigants who invoke the jurisdiction of a court to bring themselves within some class of the cases of which the court is given jurisdiction. (*O'Brien* v. *The People, supra.*) A judgment rendered by a court which has no jurisdiction of the subject matter is a nullity and may be so treated by all persons anywhere and at any time and in any manner. It has no existence as a valid judgment. (1 Black on Judgments § 278; *Staunton Perpetual B. & L. Co.* v. *Haden,* 92 Va. 201.) But "the right to notice is a personal privilege, which may be waived by appearance." 5 Enc. U. S. Sup. Ct. Rep. 647. So it will be observed that while the due process clause of the Federal Constitution requires notice and opportunity to be heard, this is a right litigants may waive if they choose and if waived in due form the judgment will be held valid. In this class of cases the question of jurisdiction usually resolves itself into one of whether or not there has been due process, whether the process has been served in the

time and manner required by law or service has been waived.

The voluntary general appearance by the insurance company before the circuit court in opposition to the application of appellee to make it a party defendant, together with its subsequent appearance before the same court at the hearing on appeal demanding the right to be permitted to introduce evidence upon the issues theretofore determined by the jury, was wholly inconsistent with any other attitude on the part of the insurance company than a complete and voluntary surrender and submission to the general jurisdiction of the court for all purposes. These acts, in our opinion, constituted a clear waiver of appellant's constitutional right to require the service upon it of summons or other judicial process as a prerequisite to the court's jurisdiction over it.

Appellant refers to the decision of this court in *Hanatani* v. *Calistro*, 31 Haw. 638. The opinion rendered in that case was to the effect that an insurance carrier, not being a party to the proceedings either before the commission or in the circuit court, was not bound by any judgment that may have been rendered, the court saying (p. 651) : "The insurance company not having been a party to the proceeding in the circuit court, no finding therein of that court as to its contractual relations with Calistro under its policy of insurance and no judgment therein against it could have bound it." In the present case we are confronted with an entirely different set of facts for which reason the doctrine announced in the *Calistro* case has no application. At the time the circuit court entered the order and supplemental judgment of January 6, 1934, it possessed complete jurisdiction over the subject matter of the cause as well as of the parties thereto including this appellant.

We find no reason either of law or of fact which would justify the disturbance of the order and judgment upon

any of the grounds urged and the exceptions are therefore overruled.

*B. S. Ulrich* (*H. E. Stafford* on the brief) for claimant.

*W. R. Ouderkirk* (also on the briefs) for the insurance carrier.