MASAHARU KAGOSHIMA *v.* JUDY KAIMI, ALSO KNOWN AS JUDY LEWIS, ANNIE ADAMS, ALSO KNOWN AS ANNIE KAHINAWEAULANI ADAMS, AND THE LIBERTY BANK OF HONOLULU, AN HAWAIIAN CORPORATION.

No. 2718.

FILED MAY 17, 1949.                    DECIDED JUNE 4, 1949.

KEMP, C. J., LE BARON, J., AND CIRCUIT JUDGE MOORE IN PLACE OF CRISTY, J., DISQUALIFIED.

*Per Curiam.* The petition of Annie Adams, defendant-plaintiff in error, for a rehearing in the above-entitled and numbered cause alleges seven grounds which we shall consider in their order by stating the substance of the ground and our comment thereon.

1. That the court in its decision failed to recognize that the filing of notice to acquire a mechanic's lien is a jurisdictional matter and that those parts upon which the existence of a lien depends, being in derogation of the common law, should be strictly construed.

Our answer to this ground is that we did recognize the rule of strict construction but held that the requirement for the filing of a certified copy of the notice of lien

with the assistant registrar of the land court within the time prescribed by the statute is a requirement which can be waived and was waived in open court by the plaintiff in error.

In addition to the authorities relied upon in our opinion we now refer to *Kim Poo Kum* v. *Sugiyama,* 33 Haw. 545 at 555, where this court said:

"It is the right of the state to say of what classes of cases its court shall have jurisdiction and to exclude all others and it is the duty of litigants who invoke the jurisdiction of a court to bring themselves within some class of the cases of which the court is given jurisdiction. [Authority.] A judgment rendered by a court which has no jurisdiction of the subject matter is a nullity and may be so' treated by all persons anywhere and at any time and in any manner. It has no existence as a valid judgment. [Authorities.] But 'the right to notice is a personal privilege, which may be waived by appearance.' [Authority.] So it will be observed that while the due process clause of the Federal Constitution requires notice and opportunity to be heard, this is a right litigants may waive if they choose and if waived in due form the judgment will be held valid. In this class of cases the question of jurisdiction usually resolves itself into one of whether or not there has been due process, *whether the process has been served in the time and manner required by law or service has been waived."* (Emphasis added.)

2. That the court based its opinion on the opinion of the trial judge, thus failing to distinguish between the trial judge's opinion and his decision.

The fact is that we construed the written decision of the trial judge to be in substance the same as his oral opinion, and found that it complied with the statute.

3. That the court failed to apply section 10107, Revised Laws of Hawaii 1945.

This ground is covered by ground 2.

4. That the action is against two defendants and, if an undisclosed principal relationship actually existed between them, then the plaintiff had the choice of suing either one but not both.

Assuming, without deciding, that the question of a misjoinder of parties defendant would have been well taken if raised at the proper time, the record fails to show that it was raised in the trial court or made the subject of an assignment of error in this court.

5. The court failed to recognize that there are two steps to every written decision: (1) that the findings be supported by more than a scintilla of evidence, and (2) that after the findings of fact are so supported, whether upon these findings of fact the court came to correct conclusions of law.

The court is not subject to the criticism leveled against it. It did recognize and apply the stated steps in a written decision.

6. That the court failed to rule on the evidentiary question of whether or not there is any evidence to support the finding of fact in the written decision "that the defendant Annie Adams *knew* that the defendant Judy Lewis was holding herself out to the plaintiff and others as owner * * *" despite the fact that this was considered a material and important finding of fact.

This finding of fact was not challenged by any of the specifications of error in the brief of the plaintiff in error. We therefore had no occasion to rule on it.

7. That the evidence shows that unauthorized extra work was done after the original contract was let. Mrs. Adams cannot be charged, therefore, without affirmative proof that she either authorized it or later ratified it, and there is not a "speck" of evidence to show that she did either.

This question was not raised by any of the specifications of error. Moreover there was evidence that Mrs. Adams approved the work that was being done.

Rehearing denied under the rule without argument. *F. Schnack* and *H. C. Schnack* for the petitioner.